JORGE QUIÑONES IRIZARRY, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 842.—*Sometido:* Abril 27, 1931. *Resuelto:* Enero 19, 1931.

*Nazario & García Méndez,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Antonio Quiñones Ramos compró una finca para su esposa Monserrate Irizarry Vélez y a nombre de ella fué inscrita en el registro de la propiedad. No conocemos los términos de la inscripción, que es la 3ª. de la finca No. 1075 del folio 52 en el tomo 18 del ayuntamiento de San Germán, en la cual, según el recurrente, se hizo constar que el marido reconoció en la escritura que la compra la hacía con dinero que su esposa heredó de su padre. Murió la consorte Monserrate Irizarry Vélez y declarados sus herederos siete hijos suyos

fué inscrita a nombre de ellos la totalidad de la finca por séptimas partes indivisas para cada uno. Estando en tal estado los asientos de la finca fué presentada en el registro la escritura No. 7 de 3 de febrero de 1926 otorgada ante el notario Miguel Angel García Méndez, por la cual el viudo don Antonio Quiñones Ramos vendió a uno de sus hijos, Jorge Quiñones Irizarry, los derechos y acciones que dijo tener en una mitad de dicha finca. El registrador negó la inscripción de ese documento y contra esa resolución fué interpuesto el presente recurso gubernativo para que ordenemos la inscripción solicitada.

■■ El recurrente y el registrador han discutido en este recurso el concepto jurídico de la inscripción tercera hecha a favor de la esposa Monserrate Irizarry Vélez calificándola el primero como inscripción de un bien ganancial, por lo que el marido Antonio Quiñones es dueño según el registro de los derechos que sobre una mitad vendió al recurrente, resultando así inscribible su venta al mismo; y el registrador la califica como inscripción de un bien privativo de la esposa, por lo que de acuerdo con ella inscribió la finca en totalidad a favor de los siete hijos herederos de dicha señora.

No puede decidirse en este recurso el concepto jurídico de la expresada inscripción tercera porque a más de no tener ante nosotros el texto de la misma, de todos modos resulta que estando inscrita actualmente la totalidad de la finca a favor de los herederos de Monserrate Irizarry Vélez no puede prescindirse de esa inscripción, sea acertada o errónea, mientras subsista la que está hecha a favor de los hijos, de la que resulta que ningún derecho que pueda transmitir tiene el vendedor Quiñones en esa propiedad; y porque, según el artículo 17 de la Ley Hipotecaria, inscrito o anotado preventivamente en el registro cualquier título traslativo del dominio o de la posesión de los inmuebles o derechos reales impuestos sobre los mismos, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha por el cual se trans-

mita o grave la propiedad del mismo inmueble o derecho real. [3] En tal virtud, mientras por lo menos no sea anulada la inscripción hecha a favor de los herederos por la totalidad de la finca, y éste no es el procedimiento adecuado para conseguir tal corrección según los artículos 255 y 256 de la Ley Hipotecaria, no puede ser inscrito el título del recurrente *y la nota recurrida debe ser confirmada.*

El Juez Asociado Sr. Wolf firmó: por las razones de la opinión y de otras estoy conforme.*